UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DEBRA HAAG,<br><br>                            Plaintiff,<br><br>                            v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>                            Defendant. | Case No: 1:23-cv-397<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Debra Haag, by and through the undersigned counsel, complains, states, and alleges against defendant Portfolio Recovery Associates, LLC, as follows:

**INTRODUCTION**

1. This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

3. This court has jurisdiction over Defendant Portfolio Recovery Associates, LLC because it regularly conducts and transacts business in this state, Portfolio Recovery Associates, LLC is located in this District, part of the conduct complained of herein occurred in this Judicial District, and Plaintiff resides in this District.

4. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

5. Plaintiff Debra Haag ("Plaintiff") is a natural person who is a citizen of the State of Texas residing in Taylor, Texas.

6. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

7. Defendant Portfolio Recovery Associates, LLC ("PRA") is a limited liability company existing under the laws of the State of Delaware, with its principal place of business in Norfolk, Virginia.

8. PRA has transacted business within this state as is more fully set forth hereinafter in this Complaint.

9. PRA regularly collects or attempts to collect debts asserted to be owed to others.

10. PRA is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of PRA's business is the collection of such debts.

12. PRA uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

13. PRA is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The acts of PRA as described in this Complaint were performed by PRA or on PRA's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to PRA in this Complaint shall mean PRA or its owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

15. PRA alleged Plaintiff owes a debt to PRA.

16. In its efforts to collect the alleged debt, PRA sent Plaintiff a letter, dated April 14, 2022.

17. The letter alleged that Plaintiff no longer owed money to OneMain Financial Group LLC, but now owed $6,979.32 to PRA.

18. However, Plaintiff was never indebted to PRA, and was never indebted to PRA for $6,979.32.

19. Debt purchasers, also referred to as "debt scavengers," purchase large portfolios of old, charged-off consumer debt from credit card companies or other debt scavengers for pennies on the dollar. These portfolios usually are without account-level documentation establishing that the amount sought is correct, and without sufficient proof of the scavenger's legal right, title and/or interest in the money sought. By paying so little for the debt, debt scavengers stand to make tremendous amounts of money when unsuspecting or easily confused consumers pay even a small portion of the money sought.

20. PRA is one of the largest debt purchasers in the world. In 2021 alone, PRA purchased more than $950 million in consumer debt and collected more than $2 billion from consumers. By the end of 2021, PRA's open book of collections topped $6 billion.

21. According to data provided by the Consumer Financial Protection Bureau (the "CFPB"), consumer complaints about debt buyers and collectors attempting to collect money not actually owed by the consumer are by far the most common of all complaints received by the Bureau every year. PRA is near the top for the entire country in terms of the volume of such complaints against debt buyers.

22. For instance, in 2015, the CFPB ordered PRA to pay $19 million in consumer refunds and an $8 million penalty, and to stop collecting on over $3 million worth of debts, and barred PRA from reselling debts to third parties. The CFPB found that PRA deceived consumers to collect on debts they should have known were inaccurate, stated incorrect balances, interest rates, and payment due dates, and failed to provide documentation on debts. Similarly, in 2014, the Attorney General of

New York obtained a settlement against PRA "for repeatedly bringing improper debt collection actions against New York consumers." The settlement required abandonment of millions of dollars of claims against New York consumers. PRA was also cited in Human Rights Watch's report "Rubber Stamp Justice," which found that debt buyers rely on "highly questionable information and evidence" to support the accuracy of the debts they purchase.

23. Nevertheless, PRA floods Texas State Courts, including this Court, with tens of thousands of lawsuits claiming Texas consumers owe them money.

24. This is the same tortured process that Plaintiff's account endured. Plaintiff maintained a personal account with OneMain Financial Group LLC. Due to financial difficulties, Plaintiff began to fall behind on payments owed on the account.

25. Then, Plaintiff received a letter from PRA alleging that Plaintiff no longer owed money to OneMain Financial Group LLC, but now owed PRA $6,979.32. Apparently, PRA purchased a large portfolio of charged-off consumer debt from OneMain Financial Group LLC for pennies on the dollar. Such portfolio presumably included Plaintiff's name, but failed to include account-level documentation, such as a credit agreement signed by Plaintiff for the amount sought, to establish PRA's legal right, title and/or interest in $6,979.32 allegedly owed by Plaintiff.

26. Prior to receipt of the letter, Plaintiff had never heard of PRA.

27. Indeed, Plaintiff was never indebted to PRA for $6,979.32 and PRA never extended credit to Plaintiff for $6,979.32.

28. Plaintiff was never involved in any transaction with PRA for $6,979.32 and never entered into any contract with PRA for the payment of $6,979.32.

29. Upon information and belief, PRA does not possess competent proof that Plaintiff owes $6,979.32 to PRA.

30. Upon information and belief, PRA does not possess any credit agreement between

Plaintiff and PRA for $6,979.32.

31. Upon information and belief, PRA does not possess competent proof that Plaintiff agreed to pay $6,979.32 to PRA.

32. Upon information and belief, PRA does not possess any competent proof that Plaintiff is obligated to pay $6,979.32 to PRA.

33. Upon information and belief, PRA does not possess any competent proof that $6,979.32 was ever owed by Plaintiff to PRA.

34. Upon information and belief, PRA does not possess any competent proof that Plaintiff owed $6,979.32 at the time PRA purchased the portfolio of debt.

35. PRA holds no legal right, title or interest in $6,979.32 owed by Plaintiff.

36. Nevertheless, in its efforts to collect the money, PRA decided to contact Plaintiff by letter.

37. That letter, dated April 14, 2022, was received and read by Plaintiff.

38. The April 14, 2022 letter was the initial letter received by Plaintiff from PRA.

39. However, prior to PRA sending the letter, Plaintiff retained counsel to assist Plaintiff with the OneMain Financial Group LLC debt.

40. In fact, on September 2, 2020, Plaintiff's counsel, The Ferrer Law Firm, PA, notified OneMain Financial Group LLC, of its representation of Plaintiff and demanded all further communications to cease directly with Plaintiff.

41. Sometime thereafter, the alleged debt was allegedly sold, transferred, and/or assigned to PRA for purposes of collection.

42. It is standard practice for a creditor to inform downstream entities of attorney representations and cease and desists.

43. PRA alleges PRA is the current creditor of the alleged debt.

44. Upon information and belief, PRA was notified by OneMain Financial Group LLC of Plaintiff's attorney's representation in the sale file(s).

45. Upon information and belief, PRA was notified by OneMain Financial Group LLC of the cease and desist in the sale file(s).

46. Alternatively, if PRA did not receive notice of Plaintiff's attorney's representation and/or cease and desist when OneMain Financial Group LLC allegedly sold, transferred, and/or assigned the debt to PRA, then PRA intentionally or negligently lacks sufficient policies and procedures because it failed to inquire with OneMain Financial Group LLC prior to attempting to collect the debt from Plaintiff whether Plaintiff was represented by counsel and/or whether Plaintiff previously provided a written cease and desist from further communications directly with Plaintiff.

47. In spite of Plaintiff's counsel's representation, PRA sent a letter directly to Plaintiff.

48. In spite of Plaintiff's cease and desist, PRA sent a letter directly to Plaintiff.

49. The letter stated, [PRA] . . . is the creditor to whom your debt is currently owed.

50. The foregoing is a legal conclusion intended to mislead and/or deceive consumers into believing PRA is the current creditor.

51. Then, the letter stated, "[PRA] hereby accelerates the obligation to pay all sums outstanding under the note.

52. PRA did not have the right to accelerate Plaintiff's obligation under the note.

53. PRA regularly provides false, misleading, and/or deceive information to consumers in an attempt to have a coercive impact on consumer, in order to induce quick payments from consumers.

54. PRA's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from PRA's conduct.

55. Plaintiff justifiably fears that, absent this Court's intervention, PRA will continue to use abusive, deceptive, unfair, and unlawful means in their attempts to collect the alleged debt and other alleged debts.

56. Plaintiff justifiably fears that, absent this Court's intervention, PRA will ultimately cause Plaintiff unwarranted economic harm.

57. Plaintiff justifiably fears that, absent this Court's intervention, PRA will ultimately cause Plaintiff unwarranted harm to Plaintiff's credit rating.

58. Plaintiff justifiably fears that, absent this Court's intervention, PRA will ultimately cause Plaintiff to be sued.

59. A favorable decision herein would serve to deter PRA from further similar conduct.

## **FIRST COUNT**
### **Violation of 15 U.S.C. §§ 1692g, 1692g(a)(1) and 1692g(a)(2)**

60. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

61. The Plaintiff is a "consumer" as that term defined by the FDCPA.

62. PRA is a "debt collector" as that term is defined by the FDCPA.

63. The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

64. The letter is a "communication" as that term is defined by the FDCPA.

65. The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

66. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

67. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide a

7

statement of the amount of the debt.

68. To comply with 15 U.S.C. § 1692g(a)(1), the statement of the amount of the debt must accurately set forth the actual amount of the debt.

69. A statement of the amount of the debt, when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

70. As previously stated, Plaintiff did not owe the amount PRA alleges is owed to PRA by Plaintiff.

71. As such, PRA did not accurately set forth the actual amount of the alleged debt as required by 15 U.S.C. § 1692g(a)(1).

72. PRA's statement of the amount of the alleged debt, when Plaintiff did not owe that amount, violates 15 U.S.C. § 1692g(a)(1).

73. As also relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide a statement of the name of the creditor to whom the debt is owed.

74. To comply with 15 U.S.C. § 1692g(a)(2), the statement of the name of the creditor to whom the debt is owed must accurately set forth the name of the entity that actually owns the debt.

75. A statement of the name of the creditor to whom the debt is owed, when the consumer does not owe money to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

76. As set forth above, Plaintiff did not owe money to PRA.

77. As such, PRA did not accurately set forth the name of the entity that actually owns the debt as required by 15 U.S.C. § 1692g(a)(2).

78. PRA's statement that PRA was the name of the creditor to whom the alleged debt was owed, when Plaintiff did not owe any money to PRA, violates 15 U.S.C. § 1692g(a)(2).

79. For the foregoing reasons, PRA violated 15 U.S.C. §§ 1692g, 1692g(a)(1) and 1692g(a)(2), and is liable to Plaintiff therefor.

80. PRA violated the FDCPA and is liable to Plaintiff for statutory damages of up to $1,000.00 costs and attorney's fees as provided for by Section 1692k of the FDCPA.

## SECOND COUNT
### Violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), and 1692e(10)

81. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

82. The Plaintiff is a "consumer" as that term defined by the FDCPA.

83. PRA is a "debt collector" as that term is defined by the FDCPA.

84. The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

85. The letter is a "communication" as that term is defined by the FDCPA.

86. The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

87. 15 U.S.C. § 1692d provides, generally, that a debt collector may not engage in conduct the natural consequence of which is to harass, abuse, and/or oppress.

88. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

89. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

90. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

91. An allegation by a debt collector that a consumer owes a debt to a certain entity when the consumer does not owe a debt to that entity is a violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A) and 1692e(10).

92. An allegation by a debt collector that a consumer owes a certain amount of money when the consumer does not that amount is a violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A)

and 1692e(10).

93. As previously stated in this Complaint, Plaintiff did not owe the amount PRA alleged is owed to PRA by Plaintiff.

94. PRA's contention that Plaintiff owed the alleged debt to PRA, when Plaintiff did not owe the alleged debt to PRA, amounts to conduct the natural consequence of which is to harass, abuse, and/or oppress in connection with the collection of the alleged debt in violation of 15 U.S.C. § 1692d.

95. PRA's contention that Plaintiff owed the alleged debt to PRA, when Plaintiff did not owe the alleged debt to PRA, is a false, misleading, and/or deceptive representation, in violation of 15 U.S.C. § 1692e.

96. PRA's contention that Plaintiff owed the alleged debt to PRA, when Plaintiff did not owe the alleged debt to PRA, is a false representation of the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A).

97. PRA's contention that Plaintiff owed the alleged debt to PRA, when Plaintiff did not owe the alleged debt to PRA, is a false representation or deceptive means to collect or attempt to collect the alleged debt, in violation of 15 U.S.C. § 1692e(10)

98. For the foregoing reasons, PRA violated 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), and 1692e(10) and is liable to Plaintiff therefor.

99. PRA violated the FDCPA and are liable to Plaintiff for statutory damages of up to $1,000.00 plus costs and attorney's fees as provided for by Section 1692k of the FDCPA.

### THIRD COUNT
### Violation of 15 U.S.C. §§ 1692c(a)(2) and 1692c(c)

100. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

101. The Plaintiff is a "consumer" as that term defined by the FDCPA.

102. PRA is a "debt collector" as that term is defined by the FDCPA.

103. The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

104. The letter is a "communication" as that term is defined by the FDCPA.

105. The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

106. 15 U.S.C. § 1692c(a)(2) prohibits a debt collector from communicating with a consumer in connection with the collection of any debt "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address…"

107. The letter demanded payment from Plaintiff directly and was not sent to Plaintiff's attorney, despite the fact that PRA knew that Plaintiff was represented by counsel regarding the alleged debt, in violation of 15 U.S.C. § 1692c(a)(2) of the FDCPA.

108. 15 U.S.C. § 1692c(c) prohibits a debt collector from communicating with a consumer in connection with the collection of any debt "If a consumer notifies a debt collector in writing . . . that the consumer wishes the debt collector to cease further communication with the consumer."

109. The letter demanded payment from Plaintiff directly and was not sent to Plaintiff's attorney, despite the fact that PRA knew that Plaintiff previously provided a written cease and desist from further communication directly, in violation of 15 U.S.C. § 1692c(c) of the FDCPA.

110. For the foregoing reasons, PRA violated 15 U.S.C. §§ 1692c(a)(2) and 1692c(c) and are therefore liable to Plaintiff.

111. PRA violated the FDCPA and are liable to Plaintiff for statutory damages of up to $1,000.00 plus costs and attorney's fees as provided for by Section 1692k of the FDCPA.

**JURY DEMAND**

112. Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Finding PRA actions violate the FDCPA; and

b. Awarding damages to Plaintiff pursuant to 15 U.S.C. § 1692k; and

c. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

d. Awarding the costs of this action to Plaintiff; and

e. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

f. Such other and further relief that the Court determines is just and proper.

DATED: April 10, 2023

                Respectfully Submitted,

                **HALVORSEN KLOTE**

By:   /s/ Joel S. Halvorsen

       Joel S. Halvorsen, #67032
       680 Craig Road, Suite 104
       St. Louis, MO  63141
       P: (314) 451-1314
       F: (314) 787-4323
       E: joel@hklawstl.com
       Attorneys for Plaintiff